IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV362

| | |
|---|---|
| JAMES H. WILLIAMSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CONSUMER DIRECT OF AMERICA, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on Defendants' October 8, 2004 "Motion to Dismiss or in the Alternative Stay or Transfer Venue" (Document #12). Plaintiffs filed a Response on October 25, 2004 (Document #17). On November 5, 2004 Defendants filed a Reply to Plaintiffs' Response (Document # 22). As the Matter is ripe for consideration, the Court is prepared to rule on Defendants' Motion.

Having carefully considered the parties' supporting memoranda and applicable authority, the undersigned GRANTS Defendants' Motion to Transfer Venue.

Under 28 U.S.C. § 1404(a), a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought." In *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), the Supreme Court noted that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness' . . . . [which] calls on the district court to weigh [and] balance a number of case-specific factors" (citation omitted).

The factors that a court must consider in evaluating a motion to transfer venue under 28 U.S.C. § 1404(a) include:

> (1) The plaintiff's choice of forum;
> (2) The residence of the parties;
> (3) The relative ease of access to sources of proof;
> (4) The availability of compulsory process for attendance of unwilling witnesses;
> (5) The costs of obtaining attendance of willing and unwilling witnesses;
> (6) Expeditious and inexpensive trial; and
> (7) The interest of localized litigation.

*Regent Lighting Corp. v. Galaxy Elec. Mfg., Inc.*, 933 F. Supp. 507, 513 (M.D. N.C. 1996).

Furthermore, the Court may examine other discretionary factors, including:

> (1) The possibility of a view of the premises, if appropriate;
> (2) Enforceability of a judgment, if one is obtained;
> (3) Relative advantage and obstacles to a fair trial;
> (4) Other practical problems that make a trial easy, expeditious, and inexpensive;
> (5) The administrative difficulties of court congestion;
> (6) The appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and
> (7) The avoidance of unnecessary problems with conflict of laws.

*Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 527 (M.D.N.C. 1996).

Plaintiffs chose to file this action in the Western District of North Carolina. "A plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice ... should not be lightly disturbed." *Datasouth Computer Corp. v. Three Dimensional Tech., Inc.*, 719 F. Supp. 446, 451 (W.D. N.C.1989) (citations omitted); *see Gulf Oil Corp. v. Gilbert*, 67 S. Ct. at 843. Furthermore, "because the movant assumes a heavy burden when making a motion to transfer, the motion will not be granted if a transfer would merely shift the inconvenience from the defendant to the plaintiff." *Uniprop Manufactured Housing Communities Income Fund II v. Home*, 753 F.Supp. 1315, 1322 (W.D.N.C.,1990).

In the present case, because Plaintiffs chose to sue in the Western District of North Carolina, Defendants bear a heavy burden to show that a transfer is necessary for reasons other than merely shifting the inconvenience associated with litigating in another venue. The Court finds that Defendants have met that burden.

Weighing the relevant factors, the Court finds that, with the exception of plaintiffs' choice of forum, the other factors do not weigh heavily for or against either party, as significant numbers of witnesses reside both in Nevada and North Carolina, and most of the evidence to be presented in the case is documentary and, thus, easily movable from one place to the other. Furthermore, the cost of trial in one place or the other does not favor a single party. Thus, the sole factor weighing in favor of either party is that of Plaintiffs' choice of forum.

Defendants filed a similar suit involving the same facts (plus an additional breach of contract claim involving a Defendant not named as a Plaintiff in the present case) in June 2004. Because the instant suit was not filed until some 20 days after Plaintiffs served Defendants in the previously-filed suit in Nevada, Defendants maintain that the First-to-File Rule applies and trumps Plaintiffs choice of the Western District of North Carolina as the forum in which to litigate.

The Fourth Circuit has adopted the statement of the first-to-file principle by Chief Judge Lumbard of the Second Circuit in *Mattel, Inc. v. Louis Marx, Co.*, 353 F.2d 421 (2nd Cir. 1965):

> As a principle of sound judicial administration, the first suit should have priority, "absent the showing of balance of convenience in favor of the second action." Remington Products Corp. v. American Aerovap, Inc., 192 F.2d 872 (2nd Cir. 1951) (quoted in *Ellicot Machine Corp. v. Modern Welding Co., Inc*, 502 F.2d 178 (4th Cir. 1974)).

Here, since both parties are Plaintiffs (one in North Carolina and one in Nevada), and each chose a forum more convenient for itself, Plaintiffs' choice of forum factor is rendered neutral. Therefore, pursuant to the Fourth Circuit's holding in *Ellicot*, the first suit has priority over the later-filed suit,

as defendants failed to show a balance of convenience in their favor.

As such, weighing all the relevant factors, the Court finds that the First Filed Rule promulgated by the Fourth Circuit requires this Court to transfer the case to the District of Nevada where the two similar cases may be consolidated.

**IT IS THEREFORE ORDERED** that this case be transferred to the United States District Court for the District of Nevada.

**IT IS FURTHER ORDERED** that the Clerk of Court provide a certified copy of this Order to counsel for Plaintiffs. Counsel for Plaintiffs is directed to file the certified copy with the Clerk of Court for the United States District Court for the District of Nevada immediately.

**IT IS FURTHER ORDERED** that the Clerk shall term Defendants' outstanding Motion to Dismiss (#12-1) as **MOOT**.

This the ___ day of November, 2004.

GRAHAM C. MULLEN
Chief United States District Court Judge

United States District Court
for the
Western District of North Carolina
November 15, 2004

* * MAILING CERTIFICATE OF CLERK * *

Re: 3:04-cv-00362

True and correct copies of the attached were mailed by the clerk to the following:

John H. Cobb, Esq.
Helms, Mulliss & Wicker, PLLC
201 N. Tryon St.
Charlotte, NC  28202

Brian A. Kahn, Esq.
Helms, Mulliss & Wicker, PLLC
201 N. Tryon St.
Charlotte, NC  28202

Jack Rifenbark, Esq.
Keith A. Fink & Associates
11500 Olympic Blvd.
Suite 316
Los Angeles, CA  90064

Michael G. Adams, Esq.
Parker, Poe, Adams & Bernstein
401 S. Tryon St. Suite 3000
Three Wachovia Center
Charlotte, NC  28202-1935

cc:
Judge                       ( )
Magistrate Judge            ( )
U.S. Marshal                ( )
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Court Reporter              ( )
Courtroom Deputy            ( )
Orig-Security               ( )
Bankruptcy Clerk's Ofc.     ( )
Other_____    ( )

By BWallace